UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS BALDWIN,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>          Defendant. | Civil Action No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

**PRELIMINARY STATEMENT**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiff Douglas Baldwin ("Plaintiff" or "Baldwin") from Defendant the United States Department of Justice ("Defendant" or "DOJ").

2.      Plaintiff seeks records pertaining to certain discovery materials exchanged in two lawsuits involving DOJ, namely *United States ex rel. Swoben v. Scan Health Plan, et al.*, No. 09-5013 (C.D. Cal.) ("*Swoben*") and *Poehling v. United Health Group, Inc.*, No. 16-8697 (C.D. Cal.) ("*Poehling*").  The requests for these records were originally submitted on April 26, 2018.

3.      Defendant violated FOIA by failing to disclose the requested documents based on its improper application of 5 U.S.C. § 552(b)(7)(A), which protects against the "disclosure of records compiled for law enforcement purposes," the release of which "could reasonably be expected to interfere with enforcement proceedings."

4.      The DOJ has no adequate basis to withhold the requested documents based on that exemption because both of these FOIA requests seek materials that were either publicly filed or

were previously exchanged by the parties in the course of the identified litigations. Thus, the disclosure of these documents poses no risk to any ongoing investigation or enforcement proceeding.

5. Defendant has not adequately identified the withheld materials or justified their non-disclosure. Nor is it clear whether Defendant has conducted an adequate search for responsive documents.

6. Having made proper FOIA requests, Plaintiff timely appealed their denial by DOJ. The DOJ affirmed the denial of Plaintiff's FOIA requests without providing any additional analysis. Plaintiff has exhausted his administrative remedies and now brings this action to compel immediate disclosure of the withheld records and, if necessary, to compel further searches for responsive documents.

## JURISDICTION AND VENUE

7. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is appropriate in this District under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9. Plaintiff Douglas Baldwin is a licensed private investigator in the State of California and is the President of Douglas Baldwin & Associates, located in La Canada – Flintridge, California. Plaintiff is the transferee of the FOIA requests subject to this Action.

10. Defendant DOJ is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 522(f)(1).

## FACTS

11. On April 26, 2018, Thomson Reuters Courts Express ("Thomson Reuters") filed a FOIA request to the DOJ (the "*Swoben* Request"), requesting the following records:

- All interrogatories, requests for production, deposition notices, requests for admission, or other discovery requests either received or served by the government in *United States ex rel. Swoben v. Scan Health Plan, et al.*, No. 09-5013 (C.D. Cal.);
- All interrogatory answers, deposition testimony, declarations or other sworn statements either received by the government or provided by the government or witnesses on behalf of the government (including, without limitation, expert witnesses or Rule 30(b)(6) designees) in the *Swoben* matter;
- All expert reports either received or served by the government in the *Swoben* matter;
- All other documents that were produced to or by the government in the *Swoben* matter, including custodian references;
- All pleadings, court rulings and other docket entries in the *Swoben* matter; and
- All communications with the defendant(s) or defense counsel regarding potential or actual settlement of the *Swoben* matter.

*See* Ex. A.

12. On the same date, Thomson Reuters filed a FOIA request to the DOJ (the "*Poehling* Request"), requesting the following records:

- All interrogatories, requests for production, deposition notices, requests for admission, or other discovery requests either received or served by the government in *Poehling v. United Health Group, Inc.*, No. 16-8697 (C.D. Cal.);
- All interrogatory answers, deposition testimony, declarations or other sworn statements either received by the government or provided by the government or witnesses on behalf of the government (including, without limitation, expert witnesses or Rule 30(b)(6) designees) in the *Poehling* matter;
- All expert reports either received or served by the government in the *Poehling* matter;
- All other documents that were produced to or by the government in the *Poehling* matter, including custodian references;
- All pleadings, court rulings and other docket entries in the *Poehling* matter; and
- All communications with the defendant(s) or defense counsel regarding potential or actual settlement of the *Poehling* matter.

*See* Ex. B.

13. Also on that date, Thomson Reuters filed FOIA requests to DOJ seeking the same discovery materials in lawsuits docketed as: *United States v. Janke*, No. 09-14044 (S.D. Fla.) (the

"*Janke* Request"), *see* Ex. C; and *United Healthcare Ins. Co. v. Burwell*, No. 16-157 (D.D.C.) (the "*Burwell* Request"), *see* Ex. D.

14. On May 31, 2018, DOJ acknowledged that it had received the *Swoben*, *Poehling*, *Janke*, and *Burwell* Requests on May 4, 2018 and stated that the requests had been assigned by DOJ to the "complex" FOIA track and consolidated under the designation FOIA request No. 145-FOI-16112 SBL:HDK (the "Consolidated Requests"). *See* Ex. E. DOJ further advised that it was "extending the time limit to respond" to the requests beyond the ten additional days provided by statute.

15. On September 17, 2018, DOJ issued an interim response to the Consolidated Requests. In that response, DOJ denied access to the records responsive to the *Swoben* and *Poehling* Requests, on the grounds that the records responsive to these requests were protected from disclosure under 5 U.S.C. § 552(b)(7)(A). DOJ stated that it was still processing the *Janke* and *Burwell* Requests and based on its estimate of the time required to review potentially responsive records, requested an advance payment of five percent of the estimated fee, totaling $690. Thomson Reuters paid the requested fee in connection with the *Janke* and *Burwell* Requests. *See* Ex. F.

16. On November 2, 2018, Thomson Reuters timely appealed the partial denial of the Consolidated Requests. Thomson Reuters advised DOJ that its application of 5 U.S.C. § 552(b)(7)(A) was inappropriate, given that the requested records, consisting of documents produced, filed, or exchanged in litigation, "have already been shared with the target" of the proceedings. *See* Ex. G. The appeal was assigned appeal number DOJ-AP-2019-000630. *See* Ex. H.

17. On May 8, 2019, DOJ affirmed the denial of the *Poehling* and *Swoben* Requests based on its application of 5 U.S.C. § 552(b)(7)(A). *See* Ex. I.

18. On October 23, 2019, Thomson Reuters held a telephone conference with DOJ representatives concerning the process for transferring ownership of the Consolidated Requests to a third party. DOJ responded on that same date, *see* Ex. J, confirming that Thomson Reuters could effectuate a transfer-of-ownership of the Consolidated Requests by directing the third party to submit a "new FOIA request." On October 29, 2019, DOJ clarified that the process of transferring ownership would not affect the status of the appeal designated as DOJ-AP-2019-000630, which "would continue to be processed as is." *See* Ex. K.

19. On December 18, 2019, Plaintiff submitted a request to DOJ to assume ownership of, by way of transfer from Thomson Reuters, the *Poehling* and *Swoben* Requests, consolidated as 145-FOI-16112 SBL:HDK, and appealed as DOJ-AP-2019-000630 (the "Transfer Request"). By virtue of this Transfer Request, Plaintiff stated his intent to "step into the shoes" of Thomson Reuters, and for his request to be "(1) treated as having been received on April 26, 2018, (2) processed and denied on September 17, 2018, (3) appealed as of November 2, 2018, and (4) decided in the ordinary course, without additional delay as a result of this transfer." *See* Exs. L and M.

20. On January 6, 2020, DOJ issued a letter to Plaintiff denying the *Swoben* and *Poehling* Requests on the basis that the records responsive to the requests are protected from disclosure under 5 U.S.C. § 552(b)(7)(A). *See* Ex. N.

21. On January 10, 2020, DOJ sent an e-mail to Thomson Reuters acknowledging receipt of the Transfer Request.

22. Plaintiff brings this action to challenge DOJ's continued withholding of responsive records.

## CAUSES OF ACTION

### First Cause of Action: Violation of the FOIA for Failure to Make Promptly Available the Records Sought by Plaintiff's Requests.

23. Plaintiff repeats and realleges paragraphs 1-22, as if fully set forth herein.

24. Defendant's failure to promptly make available the records sought by Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), in that Defendant improperly withheld records responsive to Plaintiff's Requests based on its inappropriate application of 5 U.S.C. § 552(b)(7)(A).

### Second Cause of Action: Violation of the FOIA for Failure to Release Records Sought by Plaintiff's Requests.

25. Plaintiff repeats and realleges paragraphs 1-24, as if fully set forth herein.

26. Defendant's failure to release the records sought by Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a), in that Defendant has withheld records, without justification, responsive to Plaintiff's Requests, and failed to provide any determination with respect to Plaintiff's timely-filed appeal.

### Third Cause of Action: Violation of the FOIA for Failure to Timely Respond to Plaintiff's Requests.

27. Plaintiff repeats and realleges paragraphs 1-26, as if fully set forth herein.

28. Defendant's failure to timely respond to Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Defendant's own regulations promulgated thereunder, in that Defendant failed to produce or withhold documents, or to provide any response whatsoever, within twenty days of Plaintiff's appeal, as statutorily required.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)      order the Defendant to promptly disclose the requested records in their entirety, including all responsive records created between the date of submission (April 26, 2018) and the date of production, and waiving all processing fees;

(b)      award Plaintiff costs and reasonable attorneys' fees incurred in this action; and

(c)      grant such other relief as the Court may deem just and proper.

 

Respectfully submitted,

s/ Michael R. Griffinger
Michael R. Griffinger, Esq. (D.C. Bar ID: NJ013)
**GIBBONS P.C.**
500 North Capitol Street NW
Suite 310
Washington, District of Columbia 20001-1531
Tel: 202-655-2760
Fax: 202-783-0905
mgriffinger@gibbonslaw.com

Dated: March 10, 2020